## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |
| Curtis Myrie, | ) | |
|      Plaintiff, | ) | |
|  | ) | |
|  v. | ) | C.A. No. 1:24-cv-00302-MSM-AEM |
|  | ) | |
| Riley Power Group, LLC, | ) | |
|      Defendant. | ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |

### MEMORANDUM AND ORDER

AMY E. MOSES, United States Magistrate Judge.

Before the Court is Defendant Riley Power Group, LLC's Motion for a Protective Order Regarding Plaintiff's Second Amended 30(b)(6) Deposition Notice (ECF No. 11). Plaintiff Curtis Myrie opposed the motion (ECF No. 13), and Defendant filed a reply (ECF No. 15). The matter was referred to me for determination pursuant to 28 U.S.C. § 686(b)(1)(A) and Federal Rule of Civil Procedure 72(a). Based upon my review of the record, the parties' submissions, and independent research, the Motion for a Protective Order is GRANTED IN PART and DENIED IN PART as detailed herein.

### I.    Factual and Procedural Background

This litigation arises from an employment dispute in which Plaintiff alleges Defendant unlawfully discriminated and retaliated against him on the basis of race and violated state and federal wage and overtime protections. ECF No. 1. On July 16, 2025, Plaintiff noticed Defendant's 30(b)(6) deposition for August 28, 2025, which did not go forward due to scheduling conflicts. ECF Nos. 11-1 at 2, 11-2 at 5. Defendant objected via letter to the topics in the 30(b)(6) notice and on October 2, 2025, Plaintiff's counsel issued an Amended Notice of Taking Deposition

Pursuant to Fed. R. Civ. P. 30(b) for October 17, 2025.  ECF Nos. 11-1 at 2, 11-2 at 14, 23.  The deposition again did not go forward, and on October 29, 2025, Plaintiff responded to Defendant's objections.  ECF No. 11-2 at 32.  On November 7, 2025, Plaintiff issued a second Amended Notice of Taking Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) for December 1, 2025, the subject of the instant motion.  ECF No. 11-2 at 42.  Defendant did not appear for the December 1, 2025 deposition and filed this Motion for a Protective Order later that day.

## II.  Discussion

### A.  Legal Standard

Federal Rule of Civil Procedure 30(b)(6) permits a party to name a public or private corporation as a deponent, who must then designate an individual to testify on its behalf about "information known or reasonably known to the organization."  The 30(b)(6) deposition notice must "describe with reasonable particularity the matters for examination."

Unless otherwise limited by a court order, parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  A party from whom discovery is sought may move for a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," which can include limiting the scope of permissible discovery.  Fed. R. Civ. P. 26(c)(1).  The party seeking to limit discovery has the burden of demonstrating good cause for the protective order, which "must be based on a particular factual demonstration of potential harm, not on conclusory statements."  *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 7 (1st Cir. 1986).

### B.  Plaintiff's Second Amended 30(b)(6) Notice

Defendant generally argues that the second Amended Notice is disproportional to the needs of the case, overly broad, excessive, and improper under Federal Rule of Civil Procedure 26 and

does not describe the deposition topics with the "reasonable particularity" required by Rule 30(b)(6). ECF No. 11 at 4-5. Plaintiff responds that the topics are directly relevant to his claims and seek testimony regarding calculation and payment of wages and overtime; how Plaintiff's wage complaint was handled; disciplinary and termination policies and how they were applied to Plaintiff; comparative treatment of other individuals at Plaintiff's facility; and the corporate structure at play with regards to Plaintiff's discipline and termination. ECF No. 13 at 10-11. The Court will address specific arguments regarding the 30(b)(6) topics in turn.

### 1. Topics for Which No Argument is Made

Defendant makes no argument regarding topics 1.4, 2.3, 3.3, 5.2, 6.3, 7.2, 9.1, 9.3, 12.1, 12.2, or 12.3 and as such, no protective order shall issue regarding those topics. To the extent these topics have already been withdrawn or have been agreed upon by the parties, the parties are free to proceed pursuant to those discussions. Plaintiff also states that topic 10.1 has already been withdrawn (ECF No. 13 at 6) and as such, no protective order shall issue regarding topic 10.1.

### 2. Time and Scope Limitations

The Court agrees with Defendant that Plaintiff's requested topics are only relevant to the claims and defenses in the case insofar as they relate to the time period of Plaintiff's employment, October 2021 through his termination in October 2022. Thus, the Motion for Protective Order is GRANTED with regards to Defendant's requests for time limitations. Topics 2.1, 3.2, 4.4, 5.1, 5.3, 6.2, 7.3, 8.1, 8.2, 8.3, 10.2, 11.1, 11.2, and 11.3 should be time limited to the period from October 2021 through October 2022.

Defendant argues that many topics are overbroad because they seek information on a company-wide basis or for positions that Plaintiff did not work. Many of these topics, however, have already been narrowed to apply only to the Quonset Point facility where Plaintiff worked,

and some have been narrowed to apply only to welders.  As drafted, the scope of the topics is well within the requirements of Rule 26 and Defendant has not demonstrated good cause to further narrow the 30(b)(6) topics to apply exclusively to positions that Plaintiff worked or that fall under Plaintiff's former supervisors.  As such, except as otherwise specified in this Memorandum and Order, Defendant's Motion for a Protective Order is DENIED as to topics 2.1, 7.1, 8.1, 8.3, 10.2, 10.3, 11.1, 11.2, 11.3.

### 3.    Topics Regarding Policies, Procedures, and Practices

Defendant asserts that information pertaining to policies, procedures, and practices is contained in documents that "speak for themselves," and argues topics regarding such information are therefore burdensome and improper.  ECF No. 11-1 at 8-9.  Plaintiff responds that the 30(b)(6) deposition is not "redundant of document production" but rather "the only mechanism that obligates a corporation to provide sworn, binding testimony regarding how its policies were implemented, interpreted, and applied in practice."  ECF No. 13 at 18-19.  How Defendant implemented and applied their policies regarding, for example, wages, benefits, discipline, and anti-discrimination during the time of Plaintiff's employment are directly relevant to his claims. Furthermore, many of these topics are already limited to the policies as applied to the Quonset facility where Plaintiff works, but to the extent they seek company-wide information, those requests are appropriate given such policies would apply on a company-wide basis.  As such, except for as otherwise stated in this Memorandum and Order, the Motion for Protective Order is DENIED as to topics 1.1, 1.2, 1.3, 3.1, 4.1, 4.2, 4.3, 4.4, 5.1, 5.3, 6.1, 6.2.

### 4.    Topics Seeking Legal Theories

Defendant argues that topics 2.1, 2.2, 8.3, and 11.3 would require the 30(b)(6) deponent to opine on legal theories.  ECF No. 11-1 at 12.  Plaintiff responds that he is not asking the witness

to reach any legal conclusions, but rather is seeking the factual basis for how Defendant makes classification decisions for its welders (Topics 2.1 and 2.2), factual information about disciplinary actions and termination decisions for similarly situated employees (Topic 8.3), and straight statistical data (Topic 11.3).  ECF No. 13 at 20-22.  Based on Plaintiff's representations, the Motion for a Protective Order is GRANTED such that Topics 2.1, 2.2, and 8.3 shall be further modified to seek only the "factual basis for" the information requested.  The Motion for a Protective Order is DENIED as to Topic 11.3 because it seeks only statistical data, not legal theories or work product.  Any additional privilege concerns raised by particular questions can be addressed in the normal course via objection at the deposition.

### 5.  Topics Seeking Comparative Evidence

Defendant argues that Topic 11, which consists of three subparts, improperly seeks discovery regarding "pattern and practices," which Defendant correctly states is not typically available to individual plaintiffs.  ECF No. 11-1 at 11; *see, e.g.*, *Akpan v. R.I. Hosp.*, C.A. No. 22-00267-JJM, 2023 U.S. Dist. LEXIS 130278, at *4 (D.R.I. Aug. 11, 2023); *Diaz v. Ashcroft*, 301 F. Supp. 2d 112, 115 (D.P.R. 2004) ("A pattern or practice method of proof is almost exclusively used in class actions[.]").  Plaintiff responds that he is not pursuing a pattern-and-practice theory of liability, but rather an individual disparate treatment claim, which requires comparative evidence of other similarly situated individuals.  ECF No. 13 at 23-24.

Discovery in disparate treatment cases "may be limited both geographically and temporally" and "limited to employees within certain work units," but does allow for information regarding employees "who have suffered similar treatment as the plaintiff."  *Aponte-Navedo v. Nalco Chem. Co.*, 268 F.R.D. 31, 37 (D.P.R. 2010).  As previously stated, the Court is granting in part the Motion for Protective Order for Topic 11 as it relates to a temporal limitation to the period

of Plaintiff's employment.  The three subparts already seek information only as it relates to the Quonset Point facility where Plaintiff was employed and is factually similar to Plaintiff's claims in this case.  Thus, except as otherwise stated in this Memorandum and Order, the Motion for Protective Order is DENIED as to topics 11.1, 11.2, and 11.3.

### 6.  Document Retention

Finally, Defendant objects to Topic 9.2, which seeks information about the "creation, maintenance, and retention of documents related to Curtis Myrie's employment, including timesheets, payroll records, disciplinary records, and termination documentation.  ECF No. 11-1 at 9.  Defendant argues that there is no evidence Defendant has not retained information relevant to this dispute.  *Id.* at 9-10.  Plaintiff responds that this topic is relevant to "determining what documents should exist, what documents may have been destroyed, and whether [Defendant] maintained accurate records."  ECF No. 13 at 23.  As Topic 9.2 asks only about documents relating to Plaintiff, it is sufficiently narrow.  The Motion for Protective Order as to Topic 9.2 is DENIED.

### III.    Conclusion

In summation, Topics 2.1, 3.2, 4.4, 5.1, 5.3, 6.2, 7.3, 8.1, 8.2, 8.3, 10.2, 11.1, 11.2, and 11.3 must be time limited to the period from October 2021 through October 2022.  Topics 2.1, 2.2, and 8.3 shall be further modified to seek only the "factual basis for" the information requested.  All other requested relief is DENIED.


 /s/   Amy E. Moses
AMY E. MOSES
United States Magistrate Judge

February 4, 2026